862 F.2d 316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis F. OWENS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-1124.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1988.
 
 Before LIVELY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from summary judgment in favor of the Secretary affirming a decision denying social security disability benefits to Curtis F. Owens. Owens who is 48 years old with a sixth grade education, worked for twenty years as a janitor before being discharged in 1982 because of frequent absences from work. Owens claimed to be disabled from alcoholism and from severe abdominal pain. The evidence indicated that Owens had been an alcoholic for many years but that he has been "dry" at least since September 1984. Owens conceded that he did not meet the listing for disability due to alcoholism. The plaintiff had the burden of proving that he was disabled within the meaning of the Act, and this he failed to do with respect to his previous condition as a "practicing alcoholic." The ALJ did not rely solely on the plaintiff's failure to satisfy a listing, but considered all the evidence related to alcoholism.
 
 
 2
 The ALJ found that medical evidence established chronic pancreatitis, pancreatic pseudocyst and occasional abdominal pain but that Owens had no impairment or combination of impairments that satisfied a listing in Subpart P. The ALJ found that complaints regarding pain and symptomatology were neither credible nor persuasive in the light of objective medical evidence and other facts in the record. Finally, the ALJ found that Owens is unable to do his past relevant heavy work as a janitor, but retains the residual functional capacity for a full range of light work.
 
 
 3
 The district court rejected a recommendation by the magistrate that Owens be found disabled due to abdominal pain and filed an opinion reflecting its de novo review. In brief, after reviewing the medical evidence, the district court applied the test outlined by this court in Duncan v. Secretary of Health & Human Services, 801 F.2d 847 (6th Cir.1986), for evaluating claims of disability based solely on subjective allegations of pain. While recognizing the impairments found by the ALJ, the district court agreed that the subjective complaints of pain were not supported, as Duncan requires, by proof of an "established medical condition ?which? is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Duncan, 801 F.2d at 853.
 
 
 4
 Upon consideration of the entire record together with the briefs and oral arguments of counsel, this court concludes that the Secretary's determination of no disability is supported by substantial evidence. Accordingly, the judgment of the district court is affirmed.